OPINION OF THE COURT
Judith A. Rossiter, J.
*1138 The defendant, Alexandria Deep, is charged with one count of operating a cell phone while driving, an alleged violation of Vehicle and Traffic Law § 1225-c (2) (a), and one count of speeding in a school zone, an alleged violation of Vehicle and Traffic Law § 1180 (c) (1). The court held a nonjury hearing on this matter, and based on the evidence presented at that time, finds and concludes as follows.
On April 3, 2006, at approximately 11:21 a.m., Ms. Deep was operating a motor vehicle within the city of Ithaca, westbound on West Buffalo Street. Ms. Deep recalled seeing a police vehicle in the 200 block of West Buffalo Street, and also testified that the officer who stopped her vehicle, Officer Barr, entered Buffalo Street from Albany Street. She noted that the 15 miles per hour (mph) zone begins near the intersection of Buffalo and Albany (defendant’s exhibit B) and argues that the officer measured her speed in the 30 mph zone, not the 15 mph zone. In addition, Ms. Deep testified that she was not engaging in a call with a cell phone as she was driving on West Buffalo Street, because the call did not go through, and her effort to make the call was when she was stopped at a red light, not while operating her vehicle.
Officer Derek Barr of the Ithaca Police Department testified that he was part of the speed detail, together with Sergeant John Norman, on April 3, 2006, and that they had set up a speed detail at approximately 11:00 a.m. that morning in the vicinity of the elementary school on West Buffalo Street. Officer Barr testified that he was parked on Plain Street, facing Buffalo, and that after receiving a radio call from Sergeant Norman, he proceeded onto Buffalo Street and stopped Ms. Deep’s vehicle, based on the description provided to him by Sergeant Norman. Officer Barr marked his location prior to the stop with an “X” on People’s exhibit 1, indicating that he was north of West Buffalo Street on North Plain Street. Sergeant John Norman testified that, at the time, he was operating a speed detecting device in or near a property located at 309 West Buffalo Street, across from the elementary school. He testified that he is a certified radar/lidar operator (People’s exhibit 3), and that on April 3 he had checked the equipment he was using, a lidar speed detecting device, and that it was operating properly. He further testified that the instrument was certified and calibrated by the New York State Division of Criminal Justice Services (DCJS) and operating correctly at the time of use (People’s exhibit 4). Sergeant Norman testified that the area in question is a 15 mph *1139 zone, that on April 3, at 11:20 a.m., school was in session, and that he observed Ms. Deep’s vehicle proceeding westbound on Buffalo at that time. He testified that his visual estimate of her speed was approximately 29 mph and that when he measured her speed with the lidar device, he recorded a speed of 29 mph. She was issued a ticket for driving 29 mph in a 15 mph school zone. Sergeant Norman also testified that he observed that she appeared to be using a cell phone while driving.
First, with regard to the cell phone charge, Vehicle and Traffic Law § 1225-c (2) prohibits use of a cell phone while operating a motor vehicle on a public highway if one is using the phone to engage in a call while the vehicle is in motion. In this instance, Ms. Deep testified that she did not engage in a call, that the call did not go through, and the only time she attempted to place a call was while the vehicle was stopped at a red light. The testimony of the officers did support her statement that at one point she did stop at a red light, and there was no other compelling testimony to refute her statement that her attempted call did not go through. Accordingly, the court finds insufficient proof that Ms. Deep was, in fact, using the cell phone to engage in a call as that phrase is defined in section 1225-c (1) (f) of the Vehicle and Traffic Law. The court therefore finds her not guilty of the cell phone charge as filed.
Turning to the speeding in a school zone charge, the court finds credible the testimony of the officers that the speed detail was set up in the 300 block of West Buffalo Street, not the 200 block. If an officer had stopped Ms. Deep merely because he happened to be driving through the area and estimated her speed, the officer’s memory as to the precise location might fail. However, in this instance, the officers were checking speed as part of a special detail, the specifics of which are set forth in the lidar log generated from that day’s activities (see People’s exhibit 5). That document clearly states that the location of the detail was 300 West Buffalo Street (BJM SZ), that is, the 300 block of West Buffalo Street in the vicinity of Beverly J. Martin school zone. That log is consistent with the testimony of the officers. The court, therefore, finds credible the officers’ testimony that they observed Ms. Deep driving within the 300 block of West Buffalo and at that time her speed exceeded the posted limit within the school zone.
One final issue raised at the hearing was whether or not the certification of the speed recording instrument offered by the prosecution as a business record is admissible (see People’s ex *1140 hibit 4). Defense counsel argues that the calibration records are not admissible because they violate the Confrontation Clause of the Sixth Amendment to the US Constitution (see Crawford v Washington, 541 US 36 [2004]). The prosecutor argues that the documents are business records and not testimonial documents. This court has previously addressed this issue in the case of People v Erbe (Ithaca City Ct, Oct. 17, 2005, Docket No. 04-42396). Relying on the decision in People v Kanhai (8 Misc 3d 447 [2005]), this court held that certified documents satisfied the business records exception to the hearsay rule in New York (see CPLR 4518 [c]) when the calibration tests are performed prior to a defendant’s arrest at regularly scheduled intervals as a routine course of business to maintain operability and accuracy of an instrument. In this case, the device in question, the lidar equipment, is routinely examined by DCJS at regularly scheduled intervals, and the calibration in this instance occurred on or about March 9, 2006, nearly a month prior to the date that Ms. Deep was charged with speeding in a school zone. Accordingly, there is no argument to be made that the instrument was calibrated and certified solely for the purpose of gathering evidence for the prosecution of Alexandria Deep. As such, the holding in Crawford v Washington does not apply under these circumstances, and the court finds that the evidence is admissible. In view of the foregoing, the court finds that there is proof beyond a reasonable doubt that on April 3, 2006, at approximately 11:21 a.m., the defendant, Alexandria Deep, operated a motor vehicle within the city of Ithaca and, at that time, drove 29 mph in a 15 mph school zone in the 300 block of West Buffalo Street. The court hereby finds her guilty of the offense as charged. Based on the foregoing, the court imposes a mandatory fine in the amount of $180, together with a $50 mandatory surcharge, the total of $230 to be paid on or by July 21, 2006 by cash, money order, certified check, Visa or Mastercard. As indicated above, the court finds the defendant not guilty of the charge of using a cell phone while driving.